JUDGE BAER

12 CIV 1547

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JIGME LHADON TETHONG,                        )
                                             )
                          Plaintiff,         )        **COMPLAINT**
                                             )
          -against-                          )        **JURY TRIAL DEMANDED**
                                             )
THE CITY OF NEW YORK;  POLICE OFFICER        )
ANTHONY NOVELLINO, Shield No. 9251;          )
POLICE OFFICER ROSANA HOGAN, Shield No.      )
7662; POLICE OFFICER WILLIAM BROWN,          )
Shield No. 10099, POLICE OFFICER "FNU"       )
(First Name Unknown") KNIGHT; POLICE         )
OFFICER "JEFFY" (the name is an approximation); )
POLICE SERGEANT CARON ADDESSO, Shield        )
No. 326; JOHN DOES; RICHARD ROES,            )
                                             )
                          Defendants.        )
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff JIGME LHADON TETHONG

seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42

U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth

Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks

damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and

attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on April 14, 2011. More than 30 days have elapsed since service of this Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff JIGME LHADON TETHONG is a citizen of Canada and resident of the United States. Plaintiff was at all times relevant herein a resident of the State of New York, Kings

County.

8.       Defendant THE CITY OF NEW YORK is and was at all times relevant herein a

municipal entity created and authorized under the laws of the State of New York.  It is authorized

by law to maintain a police department, which acts as its agent in the area of law enforcement and

for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks

incidental to the maintenance of a police force and the employment of police officers as said risk

attaches to the public consumers of the services provided by the New York City Police

Department.

9.       Defendants POLICE OFFICER ANTHONY NOVELLINO, Shield No. 9251;

POLICE OFFICER ROSANA HOGAN, Shield No. 7662; POLICE OFFICER WILLIAM

BROWN, Shield No. 10099, POLICE OFFICER "FNU" (First Name Unknown") KNIGHT;

POLICE OFFICER "JEFFY" (the name is an approximation) and JOHN DOES, are and were at

all times relevant herein duly appointed and acting officers, servants, employees and agents of

THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal

agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant

herein acting under color of state law in the course and scope of their duties and functions as

officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting

for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW

YORK and the New York City Police Department, and were otherwise performing and engaging

in conduct incidental to the performance of their lawful functions in the course of their duties.

Defendants POLICE OFFICER ANTHONY NOVELLINO, Shield No. 9251; POLICE

OFFICER ROSANA HOGAN, Shield No. 7662; POLICE OFFICER WILLIAM BROWN,

Shield No. 10099, POLICE OFFICER "FNU" (First Name Unknown") KNIGHT; POLICE

OFFICER "JEFFY" (the name is an approximation) and JOHN DOES, are sued individually and

in their official capacity.

10.    Defendants POLICE SERGEANT CARON ADDESSO, Shield No. 326 and

RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory

officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York

City Police Department, responsible for the training, retention, supervision, discipline and control

of subordinate members of the police department under their command.  Defendants are and were

at all times relevant herein acting under color of state law in the course and scope of their duties

and functions as supervisory officers, agents, servants, and employees of defendant THE CITY

OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in

them by THE CITY OF NEW YORK and the New York City Police Department, and were

otherwise performing and engaging in conduct incidental to the performance of their lawful

functions in the course of their duties.  Defendants POLICE SERGEANT CARON ADDESSO,

Shield No. 326 and RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11.    On April 10, 2011, approximately 1:00 a.m., Plaintiff - who is half Tibetan - was

present in the Roosevelt Avenue / Jackson Heights subway station with a group of her friends.

12.    A number of police officers – including, on information and belief Defendants

HOGAN, BROWN, KNIGHT, and "JEFFY" (the name is an approximation) - stopped one of

Plaintiff's friends, who is of Tibetan ancestry, and began to write Plaintiff's friend a ticket for

proceeding past the turnstile without paying the fare.

4

13.     Another of Plaintiff's friends began to film the police officers who were present at the scene with her cell phone.

14.     Plaintiff's friend who was filming made comments that were critical of the number of police officers who were present.

15.     A Police officer stepped in the way of the cell phone, purposely blocking Plaintiff's friend's ability to videotape the scene.

16.     Plaintiff's friend who was filming continued to express her disapproval of the police officers' conduct.

17.     Defendant NOVELLINO, coming up a staircase from a lower platform, then shouted, in sum and substance, "everyone needs to clear the area who is not involved in this."

18.     Plaintiff stated to Defendant NOVELLINO, in sum and substance, that she and the others were involved in the situation in that they were waiting for their friend who was receiving the ticket.

19.     Defendant NOVELLINO falsely stated to Plaintiff that she was blocking the turnstiles (Plaintiff was not blocking the turnstiles in any way), and told Plaintiff to show her identification to Defendant NOVELLINO.

20.     Plaintiff responded that she was not blocking the turnstiles, and that she was not required to show her identification.

21.     Defendant NOVELLINO grabbed Plaintiff without any cause or provocation, and - gripping Plaintiff - pushed Plaintiff out through one of the turnstiles.

22.     The entire verbal exchange between Defendant NOVELLINO and Plaintiff lasted but a few seconds before Defendant NOVELLINO grabbed Plaintiff and pushed her through the

5

turnstile.

23.     Defendant NOVELLINO continued to – gripping Plaintiff all the while – roughly push Plaintiff all the way to the exit from the station.

24.     At the exit to the station, Defendant NOVELLINO roughly pushed Plaintiff through the doors of the station out into the street.

25.     Plaintiff – outraged at the way she had just been treated – told Defendant NOVELLINO that she wanted his shield number.

26.     Defendant NOVELLINO – along with, on information and belief, another JOHN DOE officer - without cause or justification, tackled Plaintiff with great force to the ground, and manhandled Plaintiff and handcuffed Plaintiff.

27.     Defendant NOVELLINO picked Plaintiff up from the ground, brought her back into the train station, brought her to a corner, and positioned her to face the wall.

28.     Defendant NOVELLINO said to Plaintiff, in sum and substance, "where's your little Asian friend now?"

29.     Plaintiff was brought back outside and placed in a police car.

30.     Plaintiff was brought by Defendant NOVELLINO and two JOHN DOE Defendants to the NYPD Transit District 20, which is located in another subway station.

31.     Plaintiff was placed into a holding cell.

32.     While being held at the NYPD Transit District 20, Plaintiff was fingerprinted by Defendant NOVELLINO.

33.     After a few hours of detention at the NYPD Transit District 20, Plaintiff was then taken to Queens Central Booking.

6

34.    Plaintiff's mugshot was taken at Queens Central Booking.

35.    Plaintiff was charged with Obstructing Governmental Administration and with Disorderly Conduct.

36.    A template "supporting deposition" form, containing spaces for placing check marks concerning the charges of Obstructing Governmental Administration and Disorderly Conduct, was signed by Defendant NOVELLINO.

37.    The template "supporting deposition" form was also approved and signed by Defendant NOVELLINO's supervisor, Defendant ADDESSO.

38.    On that template "supporting deposition" form, a check mark was placed in the space that accused Plaintiff of the following pre-printed alleged conduct concerning the disorderly conduct charge: "Congregated with other persons in a public place and refused to comply with a lawful order to disperse."

39.    This allegation is false.  Plaintiff never refused to comply with a lawful order to disperse.

40.    Defendant NOVELLINO's command to, in sum and substance, "clear the area" was an unlawful order, as Plaintiff had paid her subway fare and had a right under the First Amendment to observe the police activities at the scene, and in any event Plaintiff was never given any opportunity to disperse or to obey any clear directive from Defendant NOVELLINO prior to being aggressively grabbed by Defendant NOVELLINO.

41.    On that template "supporting deposition" form, check marks were also placed in both of the spaces that accused Plaintiff of the following pre-printed alleged conduct concerning the disorderly conduct charge (concerning how Plaintiff allegedly caused "public inconvenience,

etc."): "People left the area to avoid the defendant" and "[a] crowd gathered in response to the defendant's actions."

42.    Both of these allegations (which are in any event contradictory) are false.

43.    No one left the area to avoid Plaintiff.

44.    No crowd gathered in response to anything that Plaintiff did.

45.    On that template "supporting deposition" form, concerning the Obstruction of Governmental Administration charge, spaces were also filled out that falsely accused Plaintiff of "refusing to permit: writing of summons" (concerning the summons that was being issued to Plaintiff's friend) and "Place him/her self between: officers trying to control scene."

46.    Both of these allegations are false.

47.    Plaintiff never did anything to interfere in any way with the issuance of a summons to her friend.

48.    Plaintiff never did anything to place herself between any officers trying to control the scene (and the officers were, in any event, having no difficulty controlling the scene).

49.    Plaintiff was pushed out of the platform area, and out of the subway station, by Defendant NOVELLINO because he did not want Plaintiff and her friends to observe and/or comment upon the police activity at the scene.

50.    Plaintiff was thrown to the ground and arrested outside of the subway station because Plaintiff had demanded to have Defendant NOVELLINO's shield number.

51.    At approximately Noon Plaintiff was brought before a judge, and the charges against her were dismissed pursuant to an Adjournment in Contemplation of Dismissal.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

52.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

53.     By their conduct and actions in falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, abusing process against plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, violating and retaliating for plaintiff's exercise of her right to free speech and association (including her right to observe and comment upon the activities of the police), fabricating an account and/or evidence concerning the arrest of plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment she received at the hands of other defendants, defendants NOVELLINO, HOGAN, BROWN, KNIGHT, "JEFFY", ADDESSO, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

54.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

55.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants ADDESSO and RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

57.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## <u>THIRD CLAIM</u>

## LIABILITY OF DEFENDANT THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

58.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

59.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

60.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had <u>de facto</u> policies,

10

practices, customs, and usages of failing to properly train, screen, supervise, or discipline

employees and police officers, and of failing to inform the individual defendants' supervisors of

their need to train, screen, supervise or discipline said defendants.  These policies, practices,

customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged

herein.

      61.    At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had de facto

policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of

and/or retaliation for individuals' exercise of free speech and association in a manner that affronts

police officers or is interpreted by police officers as challenging their authority or documenting

their misconduct, including the taking of photographs and video of police misconduct.  These

policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional

conduct alleged herein.

      62.    At all times material to this complaint, the defendant THE CITY OF NEW YORK,

acting through its police department and through the individual defendants, had de facto policies,

practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other

law enforcement officers' misconduct, through the fabrication of false accounts (assisted through

the use of a template "supporting deposition" form which assists officers to generate lies that will

create facial sufficiency in Criminal Court complaints for retaliatory charges of Disorderly

Conduct and Obstruction of Governmental Administration) and evidence and/or through "the blue

wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause

of the unconstitutional conduct alleged herein.

63.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

64.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

66.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

67.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68.     By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and

damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69.    As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

70.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

71.    By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72.    As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

73.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

74.    By the actions described above, defendants violated plaintiff's rights to equal

protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75.      As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH AND ASSOCIATION

76.      The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

77.      By the actions described above, defendants violated, and retaliated for the exercise of, the free speech and association rights of plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78.      As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### TRESPASS

79.      The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

80. The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

81. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

82. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

83. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## NEGLIGENCE

85. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

15

86.    The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

87.    As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

88.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

89.    Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

90.    As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

## CONSTITUTIONAL TORT

91.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

16

92.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

93.     A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

94.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTEENTH CLAIM

### ABUSE OF PROCESS

95.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

96.     By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

97.     As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and

17

expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening and empaneling of a jury to consider the merits of the claims herein;

      d.  Costs and interest and attorney's fees;

      e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
            March 2, 2012

                              JEFFREY A. ROTHMAN, Esq.
                              315 Broadway, Suite 200
                              New York, New York 10007
                              (212) 227-2980
                              Attorney for Plaintiff